**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARCO A. NUNEZ, | ) | NO. CV 20-7429-DMG(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| MR. W.S. PLILER, | ) | |
| Respondent. | ) | |

**PROCEEDINGS**

On August 3, 2020, Petitioner, an inmate at the Federal Correctional Institution at Victorville, California, filed a document titled "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; 1657." The Petition contains four grounds for relief.

In Ground One, Petitioner claims that prison authorities have violated the Eighth Amendment, prison regulations and Program Statements of the Federal Bureau of Prisons by assertedly failing to honor Petitioner's "lower bunk chrono" (Petition, pp. 3-4).

1  Petitioner alleges he suffers from hypoxemia which requires the use of
2  a breathing apparatus (id.).  Petitioner further alleges that a unit
3  counselor subjected Petitioner to retaliation and race discrimination
4  by allegedly firing Petitioner from his job, moving Petitioner into a
5  "filthy" three-man cell "which is not set-up as a medical cell,"
6  denying Petitioner a shower for five days and maintaining a "vendetta"
7  against Petitioner for helping other inmates (id., pp. 2-6).

9       In Ground Two, Petitioner alleges he has been denied access to
10 the law library, in asserted violation of the First Amendment (id., p.
11 6).

13      In Ground Three, Petitioner alleges that prison authorities have
14 violated Petitioner's rights under the First Amendment, the Religious
15 Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., and prison
16 regulations by assertedly denying Petitioner access to Bible studies,
17 a religious diet and religious services, activities, ceremonies and
18 programs (id., p. 7).

20      In Ground Four, Petitioner alleges violations of the Eighth
21 Amendment and state law based on assertions that prison authorities:
22 (1) placed Petitioner in "a non-medical three man cell" where he
23 assertedly remains for 23 3/4 hours a day without exercise; (2) denied
24 Petitioner religious services; (3) provided only limited access to
25 phones and email; and (4) denied Petitioner the use of the
26 recreational library and the law library (id., pp. 7-8).
27 ///
28 ///

**DISCUSSION**

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). A civil rights action is the exclusive vehicle for an inmate's claim that does not fall within the "core" of habeas corpus, such as a challenge to the conditions of confinement. Nettles v. Grounds, 830 F.3d at 931-34. Accordingly, Petitioner may not use the present habeas corpus Petition to bring any of his claims, all of which challenge allegedly unlawful conditions of Petitioner's confinement. Petitioner may attempt to assert such claims through the vehicle of a civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens").[1]

This Court declines to exercise its discretion to convert the present Petition into a Bivens complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the

---

[1] The Court expresses no opinion regarding whether a Bivens remedy is available to Petitioner on the claims alleged in the Petition. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) (limiting reach of Bivens remedies).

consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." <u>Nettles v. Grounds</u>, 830 F.3d at 936 (citations and internal quotations omitted). The Petition is not "amenable to conversion on its face." First, the Petition does not appear to name "the correct defendants." The Petition names only the Warden as Respondent, rather than the prison officials of whose alleged actions or inaction Petitioner complains. Additionally, "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects - such as . . . filing fees, the means of collecting them, and restrictions on future filings - that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." <u>Nettles v. Grounds</u>, 830 F.3d at 935-36 (citations and internal quotations omitted); <u>see also</u> <u>id.</u> at 932 n.8 (describing differences between procedural requirements applicable to habeas corpus actions and to civil rights actions). Accordingly, conversion of the present Petition into a <u>Bivens</u> complaint would be inappropriate. See <u>Perdomo v. Warden Loretto FCI</u>, 700 Fed. App'x 93, 94 (3d Cir. 2017) ("Given the significant differences between the rules and fees applicable to a prisoner's general civil litigation case and a request for habeas relief, we cannot conclude that the District Court abused its discretion in denying Perdomo's request to have his § 2241 petition re-characterized as a <u>Bivens</u> action."); <u>Cohen v. Lappin</u>, 402 Fed. App'x 674, 676 (3d Cir. 2010) (district court did not abuse discretion in denying petitioner's requests for recharacterization of his section 2241 petition as a civil rights complaint, "given the significant differences between the rules applicable to a prisoner's general civil litigation case and a request

3

for habeas relief. . . ."); Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (court relied on myriad differences between habeas actions and civil rights actions in affirming district court's refusal to recharacterize a habeas petition as a civil rights complaint); Jorgenson v. Spearman, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert a flawed habeas petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters").

**ORDER**

For the foregoing reasons, the Petition and the action are dismissed without leave to amend but without prejudice.

DATED: October 1, 2020

                                                             DOLLY M. GEE
                                 UNITED STATES DISTRICT JUDGE

Presented this 20th day of August, 2020, by:

      /s/
  CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE